**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

**Winchester Division**

ACCESS NOW, INC., a not-for-profit Florida corporation,

Plaintiff,

vs. Case No.: 4:01-CV-02

COMMUNITY HOSPITAL OF ANDALUSIA, INC., et al.,

Defendants.

---

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff, ACCESS NOW, INC., sues Defendants, PHC-EUNICE, INC., a Louisiana corporation; COMMUNITY HOSPITAL OF ANDALUSIA, INC., an Alabama corporation; ASHLEY VALLEY MEDICAL CENTER, LLC, a Delaware limited liability company; ATHENS REGIONAL MEDICAL CENTER, LLC, a Delaware limited liability company; WOODFORD HOSPITAL, LLC D/B/A BLUEGRASS COMMUNITY HOSPITAL, a Delaware limited liability company; PHC-CLEVELAND, INC., a Mississippi corporation; BOURBON COMMUNITY HOSPITAL, LLC, a Delaware corporation; CASTLEVIEW HOSPITAL, LLC, a Delaware corporation; PHC-JASPER, INC., a South Carolina corporation; CLINCH VALLEY MEDIAL CANTER, INC., a Virginia corporation; PHC-FORT MORGAN, INC., a Colorado corporation; CROCKETT HOSPITAL, LLC, a Delaware limited liability company; DANVILLE REGIONAL MEDICAL CENTER, LLC, a Delaware limited liability company; PHC-OPELOUSAS, L.P., a Louisiana limited partnership; PRHC-ENNIS, L.P., a Texas limited partnership; GEORGETOWN COMMUNITY HOSPITAL, LLC, a Delaware limited liability company; GUYAN VALLEY HOSPITAL, LLC, a Delaware limited liability company; PHC-LAKE HAVASU, INC., an Arizona corporation; HILLSIDE HOSPITAL, LLC, a Delaware limited liability company; PINELAKE REGIONAL HOSPITAL, LLC, a Delaware limited liability company; LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, a Delaware limited liability company;

LANDER VALLEY MEDICAL CENTER, LLC, a Delaware limited liability company; LIVINGSTON REGIONAL HOSPITAL, LLC, a Delaware limited liability company; LOGAN MEMORIAL HOSPITAL, LLC, a Delaware limited liability company; LOGAN GENERAL HOSPITAL, LLC, a Delaware limited liability company; PHC-LOS ALAMOS, INC., a New Mexico corporation; MEADOWVIEW REGIONAL MEDICAL CENTER, LLC, a Delaware limited liability company; PHC-MARTINSVILLE, INC, a Virginia corporation; PHC-LAS CRUCES, INC., a New Mexico corporation; PHC-MINDEN, L.P., a Louisiana limited partnership; PHC-ELKO, INC., a Nevada corporation; PALESTINE PRINCIPAL HEALTHCARE LIMITED PARTNERSHIP, a Texas limited partnership; MEXIA PRINCIPAL HEALTHCARE LIMITED PARTNERSHIP, a Texas limited partnership; PUTNAM COMMUNITY MEDICAL CENTER, LLC, a Delaware limited liability company; RALEIGH GENERAL HOSPITAL, LLC, a West Virginia limited liability company; RIVERTON MEMORIAL HOSPITAL, LLC, a Delaware limited liability company; RIVER PARISHES HOSPITAL, LLC, a Delaware limited liability company; SOUTHERN TENNESSEE MEDICAL CENTER, LLC, a Delaware limited liability company; SPRING VIEW HOSPITAL, LLC, a Delaware limited liability company; PRINCIPAL-KNOX, LLC, a Delaware limited liability company; PHC-MORGAN CITY, L.P., a Louisiana limited partnership; PHC-FORT MOHAVE, INC., an Arizona corporation; VAUGHAN REGIONAL MEDICAL CENTER, LLC, a Delaware limited liability company; VILLE PLATTE MEDICAL CENTER, LLC, a Delaware limited liability company; DODGE CITY HEALTHCARE GROUP, LP, a Kansas limited partnership; and WYTHE COUNTY COMMUNITY HOSPITAL, LLC, a Delaware limited liability company, (collectively known as "Defendants") and allege the following:

**INTRODUCTION**

1. Seven-and-a-half[1] years after Congress passed our nation's landmark civil rights law for people with disabilities, Defendants — which own, operate, and/or lease public accommodations — have yet to make their facilities fully accessible to the disabled.

[1] At the time of filing the original complaint, it had been seven-and-a-half years after the passage of the Americans with Disabilities Act. This First Amended Class Action Complaint is filed for the purpose of providing a more comprehensive list of Defendant's facilities. No changes have been made to the substance of the allegations or other aspects of the complaint.

2. On July 12, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq., establishing the most important civil rights law for people with disabilities in our country's history. Congress explicitly stated that among the purposes of the ADA are:

A. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;"

B. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities, . . .;" and

C. "to invoke the sweep of congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. §12101(b).

3. Congress gave commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.

4. In spite of this abundant lead time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

**JURISDICTION AND PARTIES**

5. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter the "ADA"), and for declaratory and injunctive relief. This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

7. Access Now, Inc. ("Access Now") is a Florida not-for-corporation which is organized and existing in the State of Florida. Access Now is a national advocacy organization whose members include qualified persons with disabilities under the ADA and their non-disabled allies. Access Now's purpose is to educate persons and businesses on accessibility issues and to ensure full participation of all people with all types of disabilities in every community. As part of that purpose, Access Now seeks to ensure that people with disabilities have access to—and do not encounter discrimination in— places of public accommodation. As a result, Access Now represents its members

to assure that public spaces and commercial premises are accessible to, and useable by, its members, to assure its members are not excluded from the enjoyment and use of the benefits and services, programs, and activities of public accommodations. This effort and this purpose have been and continue to be adversely affected by Defendants' violations of the ADA. Access Now has suffered direct and indirect injury as a result of the Defendants' actions and/or inaction as fully articulated herein, as well as because of its association with its members and their claims, and continues to suffer injury in the absence of the relief available within the ADA.

8. Defendants are a multi state provider of health care services, which own and/or operate forty four (44) medical care facilities ("Facility" or "Facilities" as applicable) throughout the United States, offering a wide array of medical services organized in regional health care networks designed to provide full spectrum of medical care, including specialty hospitals, outpatient care, rehabilitation hospitals, professional medical offices, surgical units, psychiatric hospitals, nursery centers, medical office buildings, long-term care, as well as general services hospitals. Defendants own and/or operate the following medical Facilities:

| Defendant | Facility | Location |
|---|---|---|
| PHC-Eunice, Inc. | Acadian Medical Center | Eunice, LA |
| Community Hospital of Andalusia, Inc. | Andalusia Regional Hospital | Andalusia, AL |
| Ashley Valley Medical Center, LLC | Ashley Valley Medical Center | Vernal, UT |
| Athens Regional Medical Center, LLC | Athens Regional Medical Center | Athens, TN |
| Woodford Hospital, LLC d/b/a Bluegrass Community Hospital | Bluegrass Community Hospital | Versailles, KY |
| PHC-Cleveland, Inc. | Bolivar Medical Center | Cleveland, MS |
| Bourbon Community Hospital, LLC | Bourbon Community Hospital | Paris, KY |
| Castleview Hospital, LLC | Castleview Hospital | Price, UT |

| | | |
|---|---|---|
| PHC-Jasper, Inc. | Coastal Carolina Medical Center | Hardeeville, SC |
| Clinch Valley Medical Center, Inc. | Clinch Valley Medical Center | Richlands, VA |
| PHC-Fort Morgan, Inc. | Colorado Plains Medical Center | Fort Morgan, CO |
| Crocket Hospital, LLC | Crocket Hospital | Lawrenceburg, TN |
| Danville Regional Medical Center, LLC | Danville Regional Medical Center | Danville, Va |
| PHC-Opelousas, L.P. | Doctor's Hospital of Opelousas | Opelousas, LA |
| PRHC-Ennis, L.P. | Ennis Regional Medical Center | Ennis, TX |
| Georgetown Community Hospital, LLC | Georgetown Community Hospital | Georgetown, KY |
| Guyan Valley Hospital, LLC | Guyan Valley Hospital | Logan, NV |
| PHC-Lake Havasu, Inc. | Havasu Regional Medical Center | Lake Havasu City, AZ |
| Hillside Hospital, LLC | Hillside Hospital | Pulaski, TN |
| Pinelake Regional Hospital, LLC | Jackson Purchase Medical Center | Mayfield, KY |
| Lake Cumberland Regional Hospital, LLC | Lake Cumberland Regional Hospital | Somerset, KY |
| Lander Valley Medical Center, LLC | Lander Valley Medical Center | Lander, WY |
| Livingston Regional Hospital, LLC | Livingston Regional Hospital | Livingston, TN |
| Logan Memorial Hospital, LLC | Logan Memorial Hospital | Russellville, KY |
| Logan General Hospital, LLC | Logan Regional Medical Center | Logan, WV |

| | | |
|---|---|---|
| PHC-Los Alamos, Inc. | Los Alamos Medical Center | Los Alamos, NM |
| Meadowview Regional Medical Center, LLC | Meadowview Regional Medical Center | Maysville, KY |
| PHC-Martinsville, Inc. | Memorial Hospital of Martinsville | Martinsville, VA |
| PHC-Las Cruces, Inc. | Memorial Hospital Center of Las Cruces | Las Cruces, NM |
| PHC-Minden, L.P. | Minden Medical Center | Minden, LA |
| PHC-Elko, Inc. | Northeastern Nevada Regional Hospital | Elko, NV |
| Palestine Principal Healthcare Limited Partnership | Palestine Regional Medical Center | Palestine, TX |
| Mexia Principal Healthcare Limited Partnership | Parkview Regional Hospital | Mexia, TX |
| Putnam Community Medical Center, LLC | Putnam Community Medical Center | Palatka, FL |
| Raleigh General Hospital, LLC | Raleigh General Hospital | Beckley, WV |
| Riverton Memorial Hospital, LLC | Riverton Memorial Hospital | Riverton, WY |
| River Parishes Hospital, LLC | River Parishes Hospital | La Place, LA |
| Southern Tennessee Medical Center, LLC | Southern Tennessee Medical Center / Emerald-Hodgson Hospital | Winchester, TN |
| Spring View Hospital, LLC | Spring View Hospital | Lebanon, KY |
| Principal-Knox, LLC | Starke Memorial Hospital | Knox, IN |
| PHC-Morgan City, L.P. | Teche Regional Medical Center | Morgan City, LA |
| PHC-Fort Mohave, Inc. | Valley View Medical Center | Ft. Mohave, AZ |

| | | |
|---|---|---|
| Vaughan Regional Medical center, LLC | Vaughan Regional Medical Center | Selma, AL |
| Ville Platte Medical Center, LLC | Ville Platte Medical Center | Ville Platte, LA |
| Dodge City Healthcare Group, LP | Western Plains Medical Complex | Dodge City, KS |
| Wythe County Community Hospital, LLC | Wythe County Community Hospital | Wytheville, VA |

**CLASS ACTION ALLEGATIONS**

9. Plaintiff seeks to maintain this action as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class consists of all people in the United States with physical disabilities as that term has been defined by 42 U.S.C. §12102(2), including those persons that have a physical impairment that substantially limit a major life function, such as mobility, hearing, and sight, who have and who were, prior to the filing of the Class Action Complaint, denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the Defendants' Facilities, because of their respective disabilities (the "Class").

10. The Class identified in the immediately preceding paragraph is believed to consist of well over Ten Million (10,000,000) members and joinder of all of such Class members in this lawsuit is impracticable.

11. There is a well defined community interest in the questions of law and fact involved in this case. The questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include the following:

A. Whether Defendants' Facilities are “public accommodations” under the ADA;

B. Whether Defendants' Facilities deny the full and equal enjoyment of their goods, services, programs, facilities, privileges, advantages, or accommodations,

and full and equal access to their Facilities to individuals with disabilities in violation of the ADA;

C. Whether Defendants' Facilities provide goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

D. Whether Defendants' Facilities have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

E. Whether Defendants have failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

F. Whether Defendants have failed to remove architectural and communication barriers in existing facilities, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible; and

G. What measures are legally required to bring Defendants' Facilities into compliance with the ADA.

12. The Plaintiff’s claims are typical of the claims of the members of the Class. They — like all other members of the Class — claim Defendants have violated the ADA by failing to make their Facilities accessible to individuals with disabilities and by excluding the Plaintiff’s members, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendants, and subjecting the Plaintiffs to discrimination by failing to provide their Facilities and other goods, services, programs, facilities, privileges, advantages, or accommodations to Plaintiff’s members, as well as other similarly situated persons.

13. The Plaintiff will fairly and adequately protect the interests of the Class because they have retained counsel with extensive experience in class action litigation,

and litigation of ADA claims in particular. Finally, they have no interests that conflict in any way with those of the Class.

14. This action may be maintained as a class action pursuant to Rule 23(b)(2) because Defendants' violations of the ADA — by maintaining barriers to accessibility and discriminating on the basis of disabilities — are applicable to all members of the Class. Therefore, requiring Defendants to comply with the ADA is appropriate, and the primary relief sought is injunctive relief.

15. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the burden upon individual litigants with disabilities may make it difficult and impractical for them to pursue their claims individually against the Defendants.

16. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of numerous similar suits by disabled people in the region. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court.

**COUNT I — VIOLATION OF THE ADA**

Plaintiff realleges each and every paragraph above as though fully stated below and state further.

17. Pursuant to 42 U.S.C. §12181(7) and 28 CFR §36.104, Defendants own and/or operate multiple places of public accommodation comprising various facilities which provide health care services to the general public on both an in-patient and out-patient basis. All of Defendants' Facilities are public accommodations covered by the ADA. 42 U.S.C. §12181(7)(B). Additionally, Defendants maintain numerous patient rooms and medical care operations on the various premises, as well as restaurants/cafeterias, gift shops and other non-medically related enterprises and services within their Facilities.

18. The ADA defines illegal discrimination to include, in pertinent part:

A. a "failure to remove architectural barriers. . . that are structural in nature, in existing facilities. . . where such removal is readily achievable;"

B. “with respect to a facility or part thereof that is altered . . . in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area . . . [is] readily accessible to and usable by individuals with disabilities where such alterations to the path of travel . . . are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General);” and

C. “a failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990 that are readily accessible to and usable by individuals with disabilities . . .” 42 U.S.C. §§12182(b)(2)(A)(iv) & 12183(a).

19. Defendants have discriminated, and continue to so discriminate, against the Plaintiff — and others who are similarly situated — by denying them access to, and full and equal enjoyment of one or more of the goods, services, programs, facilities, privileges, advantages, and/or accommodations of their Facilities as prohibited by 42 U.S.C. §12181 et seq. and by failing to remove substantially all architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and 28 CFR 36.302 et seq., as a result of, inter alia, the violations, similar to, and including, the following:

A. lack of accessible routes and/or adequate accessible routes connecting the various areas of each Facility;

B. lack of appropriate and effective signage;

C. lack of or inadequate curb ramps, curb cuts, and pedestrian walkways around and leading to, and into, the various buildings within each Facility;

D. inadequate parking spaces around and leading to the various buildings within each Facility;

E. where purportedly "handicapped parking spaces" are provided, there is a lack appropriate access aisles;

F. lack of accessible elevators;

       G. absence of accessible reception and admitting area counter-space or auxiliary counter-space;

H. lack of accessible door hardware;

I. lack of accessible public telephones;

J. lack of restrooms that are able to accommodate and take into consideration the needs of physically disabled individuals;

K. lack of an accessible entrance to, services in, and seating in the various areas of each Facility;

L. lack of policies and practices of accommodation for individuals with disabilities coming to and enjoying the use of the Facilities;

M. lack of Braille and assistance for the visually impaired; and

N. lack of visual communication devices and interpreters for the hearing impaired.

20. In addition to the above-delineated violations, on information and belief, there are other miscellaneous violations of the ADA and regulations promulgated pursuant thereto in Defendants' Facilities.

21. Removal of all barriers to discrimination in each Facility, in compliance with the ADA, is readily achievable and technically feasible.

22. To date, barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The effect of Defendants' failure to comply with the ADA is that Defendants discriminate against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of their Facilities.

23. As a result of that failure to remedy existing barriers to accessibility, many members of Access Now, and those similarly situated, have been denied access to, and the benefits of the goods, services, programs, facilities, and activities of Defendants and their Facilities, and have otherwise been discriminated against and suffered damages caused by Defendants because of the ADA violations set forth supra. Unless Defendants are brought into compliance with the ADA, said persons will continue to be

denied access to, and the benefits of, goods, services, programs, facilities, and activities of Defendants and their Facilities in the future.

24. Many of Access Now's members, and other similarly situated persons either regularly enter and/or use Defendants' hospitals and medical facilities, would like to enter and/or use Defendants' hospitals and medical facilities, or may have to enter and/or use Defendants' hospitals and medical facilities in the future. The Plaintiff's members are ready, willing and able to patronize Defendants' Facilities when their discriminatory policies and barriers are removed or cured.

25. In addition, the discriminatory features of Defendants' Facilities, including but not limited to those described herein, are generally known to Access Now's members, and those similarly situated, who are discouraged from patronizing Defendants' Facilities. Many of Access Now's members, and those similarly situated, now generally avoid patronizing Defendants' Facilities because they are aware of the discriminatory barriers they will encounter.

26. Many members of Access Now, and others similarly situated were injured by the discrimination they encountered at Defendants' Facilities and continue to be injured by their inability to patronize Defendants' Facilities. They have also been injured by the stigma of Defendant's discrimination.

27. Defendants' discriminatory practices have interfered with and continue to interfere with Access Now's efforts to make public accommodations throughout the United States accessible to people with disabilities and thus makes Access Now's task more difficult for several reasons:

A. Defendants' discrimination, in and of itself, makes public accommodations in the United States less accessible to people with disabilities; and

B. Defendants' discrimination segregates people with disabilities thereby perpetuating discriminatory attitudes in the public at large.

28. Defendants' discrimination has, thus, required, and continues to require, Access Now to make a greater effort — and to allocate resources — to counsel those injured by such discrimination, to educate the public that it is wrong to discriminate against people with disabilities, and, otherwise, to counteract the adverse impact of such discrimination.

29. Access Now also has devoted and continues to devote resources — including, but not limited to, those devoted to the present lawsuit — to identify and counteract the sources of discrimination throughout the United States, including that of Defendants.

30. Access Now's injuries are traceable to Defendants' discriminatory conduct alleged herein and will be redressed by the relief requested. Access Now's members with disabilities have been injured and will continue to be injured by Defendants' failure to comply with the ADA and their continued acts of discrimination.

31. Plaintiff's' counsel is entitled to recover those attorney's fees, experts' fees, costs and expenses incurred in this case from Defendants, pursuant to 42 U.S.C. §12205.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs injunctive relief including, inter alia, an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

**WHEREFORE**, the Plaintiff demands judgment against Defendants and request the following injunctive and declaratory relief:

A. that this Court assume jurisdiction;

B. that this Court certify the class of Plaintiffs identified in paragraph 14 pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. that this Court certify Access Now and the Individual Plaintiffs as class representatives;

D. that the Court declare that the policies, procedures and services provided at Defendants' Facilities are discriminatory and violative of the ADA;

E. that the Court enter an order requiring Defendants to alter their Facilities to make them accessible to and usable by individuals with disabilities to the extent required by Title III of the ADA;

F. that the Court enter an order directing Defendants to evaluate and neutralize their policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

G. that the Court enter an order mandating that Defendants undertake a self-evaluation and that such evaluation contain a description of all of Defendants' programs, activities, and services; a review of all policies and practices that govern the administration of such programs, policies and services; and an analysis of whether the policies and practices adversely affect the full participation of individuals with disabilities in such programs, services and activities;

H. that the Court enter an order mandating Defendants to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures, provide effective signage, remove all architectural and communication barriers that are readily achievable, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against;

I. that the Court award reasonable attorney's fees, costs (including expert's fees) and other expenses of suit, to Plaintiffs; and

J. that the Court award such other and further relief as it deems necessary, just, and proper.

Respectfully submitted,

**DE LA O, MARKO,**
**MAGOLNICK & LEYTON**
Attorneys for Plaintiff(s)
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile: (305) 285-5555

By: /s/ Charles D. Ferguson
**David Everett Marko**
Florida Bar No. 0939633
marko@dmmllaw.com
**Charles D. Ferguson**
Florida Bar No. 0741531
ferguson@dmmllaw.com

Page 15 of 15 Case No. 4:01-CV-02

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 2, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Paula Walker, Esq., Waller, Lansden, Dortch & Davis at pwalker@wallerlaw.com.

/s/ Charles D. Ferguson
**Charles D. Ferguson**

**de la O ▪ Marko ▪ Magolnick ▪ Leyton**
TELEPHONE 305/285-2000 3001 S.W. 3RD AVENUE, MIAMI, FLORIDA 33129 FACSIMILE 305/285-5555